UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHAEL A. STONE,

          Plaintiff,

vs.

COMMISSIONER OF SOCIAL
SECURITY,

          Defendant.
_____/

Case No. 2:09-cv-13923

HON. BERNARD A. FRIEDMAN

MAG. JUDGE R. STEVEN WHALEN

### OPINION AND ORDER OVERRULING PLAINTIFF'S OBJECTIONS AND ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND AFFIRMING THE DECISION OF THE COMMISSIONER

**I.    INTRODUCTION**

This matter is before the Court on Magistrate Judge R. Steven Whalen's August 16, 2010, Report and Recommendation ("R & R"). Magistrate Judge Whalen recommended that the Court grant Defendant's motion for summary judgment and deny Plaintiff's motion for judgment on the pleadings. Plaintiff filed a timely objection to the R & R. Defendant filed a response to Plaintiff's objection. The Court has reviewed this matter de novo as required under FED. R. CIV. P. 72(b) and will accept and adopt the Magistrate Judge's R & R.

As a result of its de novo review, the Court finds that the Magistrate Judge's recitation of the facts in this matter is accurate. Accordingly, the Court will adopt the Magistrate Judge's factual record, contained in the R&R at pages 2 to 7.

**II.    ANALYSIS**

Plaintiff seeks judicial review of the Commissioner's decision denying Plaintiff's claim

for Social Security Disability and Supplemental Security Income benefits.

The Court has original jurisdiction to review the Commissioner's final decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." Longworth v. Comm'r of Soc. Sec., 402 F.3d 591, 595 (6th Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971). If supported by substantial evidence, the Commissioner's findings of fact are conclusive. 42 U.S.C. § 405(g). Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or "because there exists in the record substantial evidence to support a different conclusion." McClanaham v. Comm'r of Soc. Sec., 474 F.3d 830, 833 (6th Cir. 2006). "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." Felisky v. Bowen, 35 F.3d 1027, 1035 (6th Cir. 1994).

The Administrative Law Judge ("ALJ") found that as of September 30, 1999, Plaintiff experienced the severe impairments of "major depression with post-traumatic stress disorder (PTSD); lumbar disc herniation at L5/S1; hypertension; and obesity." Additionally, the ALJ determined that the Plaintiff had the residual functional capacity ("RFC") to perform the unskilled light work of an assembler, inspector, and packager.

Plaintiff objects to the R&R on the ground that a full and fair inquiry could not be made into Plaintiff's psychological impairment without a consultative psychological examination. Specifically, at Plaintiff's September, 2006 hearing the ALJ ordered a psychological assessment in order to determine whether PTSD created a disability prior to Plaintiff's expiration of benefits

in 1999. However, the ALJ never followed up on scheduling such examination, and did not offer an explanation for its failure to do so.

Section 20 C.F.R. § 416.917(a) provides that when "medical sources cannot give ... sufficient medical evidence about ... [the] impairment" to determine disability, the Secretary may order and pay for a consultative examination. However, he is not required to do so if the record contains sufficient evidence upon which a disability determination can be made. Landsaw v. Sec'y of Health and Human Serv., 803 F.2d 211 (6th Cir.1986).

Here, the record contains sufficient evidence to base a determination of disability. Plaintiff's date last insured ("DLI") was September 30, 1999. Treating records indicate that Plaintiff's disability, from September, 2003 forward, stemmed from PTSD and other environmental stressors. However, the record contains no medical evidence to support the contention that Plaintiff was psychologically disabled prior to September 30, 1999. Moreover, the record indicates that Plaintiff did not seek the medical attention of Dr. Robert C. Barnes, D.O., until September, 2003. This indicates that Plaintiff waited four years after the DLI to receive psychiatric care, demonstrating that Plaintiff did not feel such care was necessary. Furthermore, the record contains substantial evidence showing that Plaintiff was able to go grocery shopping, hunting, travel to Florida, and interact with his wife and the public on several occasions. Therefore, because a determination of disability could be made based on the record, it was not necessary for the ALJ to order a consultative psychological exam at the government's expense. Accordingly, such failure to do so does not warrant reversal of the Commissioner's denial of benefits.

## III. ORDER

Accordingly, for the reasons stated herein,

IT IS ORDERED that the Magistrate Judge Whalen's Report and Recommendation, dated August 16, 2010, is hereby accepted and adopted.

IT IS FURTHER ORDERED that Plaintiff's motion for judgment on the pleadings is DENIED.

IT IS FURTHER ORDERED that Defendant's motion for summary judgment is GRANTED.

IT IS FURTHER ORDERED that the findings of the Commissioner be AFFIRMED.


Dated: November 4, 2010
    Detroit, Michigan

S/Bernard A. Friedman_____
BERNARD A. FRIEDMAN
UNITED STATES DISTRICT JUDGE